CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID LEE HUTTON, III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00314 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WESTERN VIRGINIA REGIONAL JAIL AUTHORITY, | ) ) | By:  Hon. Thomas T. Cullen<br>        United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff David Lee Hutton, III, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant Western Virginia Regional Jail Authority ("WVRJA"). (*See* Compl. [ECF No. 1-1].) He alleges that WVRJA failed to protect him from an attack by other inmates and failed to pursue legal action against his attackers. (*See id.*) This matter is before the court on WVRJA's motion to dismiss (Def.'s Mot. to Dismiss [ECF No. 4]). For the following reasons, the court will grant the motion and dismiss Plaintiff's claims.

**I.**

Plaintiff alleges that, on February 19, 2025, he was assaulted and robbed by other inmates at the Western Virginia Regional Jail.[1] (Compl. 3.) That day, around 7:15 p.m., Plaintiff and other inmates were let out of their cells. (*Id.*) After being let out of his cell, Plaintiff retrieved a tablet from the charging station and returned to his cell with the tablet. (*Id.*) When Plaintiff reentered his cell, four other inmates followed him in, pushing him into the cell and

---

[1] The following allegations are summarized from Plaintiff's complaint, and the well-pleaded factual allegations are accepted as true for the purposes of deciding WVRJA's motion to dismiss. *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017).

refusing to let him exit. (*Id.* at 3–4.) One inmate struck Plaintiff in the face with a tablet, cutting Plaintiff's forehead. (*Id.* at 4.) Other inmates pushed, held, and hit Plaintiff while one inmate gathered up and stole $200 worth of commissary items from Plaintiff's cell. (*Id.*) After the inmate had fled with Plaintiff's belongings, the other inmates left. (*Id.*)

Once the assailants were gone, Plaintiff closed the door to his cell, called his girlfriend, and asked her to contact the jail. (*Id.*) Plaintiff also contacted the officer in charge via the tablet. (*Id.*) Thereafter, Corrections Officer ("CO") Rodriguez escorted Plaintiff from the pod to the jail's medical facility. (*Id.*) Plaintiff told CO Rodriguez that he intended to press charges. (*Id.*)

Once Plaintiff had been seen in the medical department, Sgt. Rutledge and CO Huntley took Plaintiff's statement. (*Id.*) Plaintiff told them what had happened and stated that he wanted to pursue legal action "fully" for abduction, being held hostage, assault and battery, and aggravated robbery. (*Id.*) Investigators reviewed video footage of the incident and affirmed Plaintiff's version of events. (*Id.*) Sgt. Rutledge later told Plaintiff that the jail would not pursue legal action but that Plaintiff could hire a lawyer and pursue claims himself. (*Id.*) Rutledge also told Plaintiff he would be refunded for the canteen items that were stolen. (*Id.* at 5.)

Plaintiff claims that the WVRJA failed to provide a safe environment and failed to act in accordance with his best interests, personal wishes, and legal rights, including by refusing his requests to "pursue legal action to the full extent of the law" against the four individuals who assaulted him. (*Id.* at 3.) Specifically, he complains that WVRJA refused to pursue legal action against his assailants, despite frequently pursuing charges when narcotics are involved. (*Id.* at 5.) He also complains that WVRJA has since refused to refund him from the stolen items. (*Id.*)

WVRJA has moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (*See* Def.'s Mot. to Dismiss). WVRJA's motion is ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall*

*v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

In its motion, WVRJA argues that it is immune from suit and cannot be held liable via *respondeat superior* for the actions or omissions of its employees. (Memo. in Supp. of Def.'s Mot. to Dismiss 4–7 [ECF No. 5].) The court agrees.

Government defendants may not be held vicariously liable under § 1983 for the actions of their employees. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, to impose § 1983 liability on WVRJA, Plaintiff must show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [WVRJA's] officers." *Miller v. Sw. Virginia Reg'l Jail Auth. - Duffield Facility*, No. 7:21CV00010, 2021 WL 1606469, at *1

(W.D. Va. Apr. 26, 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Plaintiff must show that "a policy promulgated by [WVRJA] was 'the moving force' behind the alleged violation of his rights" such that its policy or custom "played a part in the alleged violation of federal law." *Id.* (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985)). "To survive a motion to dismiss, a plaintiff must plausibly allege (1) the existence of an official policy or custom, (2) that is fairly attributable to the municipal entity, and (3) proximately caused the underlying constitutional violation." *Kiser v. SWVRJA*, No. 7:16-CV-00129, 2016 WL 4987177, at *1 (W.D. Va. Sept. 15, 2016) (citing *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)).

"Municipal policy can be found in written ordinances and regulations, affirmative decisions of policymaking officials, or omissions by policymaking officials that manifest deliberate indifference to the rights of citizens." *Id.* (citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). Additionally, an entity's "policy" may include "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, "the duration and frequency of the officers' unconstitutional conduct must indicate that supervisory officials of the entity being sued '(1) had actual or constructive knowledge of the conduct and (2) failed to correct it due to their 'deliberate indifference.'" *Sparks v. Sw. Va. Reg'l Jail Auth.*, No. 7:23-CV-00575, 2025 WL 543189, at *3 (W.D. Va. Feb. 19, 2025) (quoting *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014)). "Sporadic or isolated violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Id.* (quoting *Owens*, 767 F.3d at 403).

In his complaint, Plaintiff does not plausibly allege that any policy or custom of WVRJA was the moving force behind a violation of his constitutional rights. To the extent Plaintiff seeks to hold WVRJA liable for its failure to prevent the attack, Plaintiff has not shown that any WVRJA policy or custom was the moving force behind that alleged violation. A failure-to-protect claim brought by a pretrial detainee arises under the Fourteenth Amendment. *Hammock v. Andoh*, No. 22-7159, 2024 WL 33694, at *1 (4th Cir. Jan. 3, 2024). To succeed on such a claim, the plaintiff must show that the defendant "exposed him 'to an objectively substantial risk of serious harm.'" *Carmona v. Martin*, No. 23-6930, 2024 WL 4490695, at *2 (4th Cir. Oct. 15, 2024) (quoting *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023)). Here, Plaintiff only vaguely alleges that WVRJA should have created a safer environment within the jail, but he has not alleged any facts demonstrating that a reasonable official acting on behalf of WVRJA would have appreciated that allowing Plaintiff and his assailants out of their cells created a high degree of risk to Plaintiff. *See id.* And Plaintiff has also failed to allege a causal connection between any specific policy or custom of WVRJA's and the resulting harm. Accordingly, Plaintiff has not stated a plausible failure-to-protect claim against WVRJA.

Plaintiff also argues that WVRJA should have pursued legal action against the four inmates who assaulted him. But there is no constitutional or statutory right to have criminal charges—or civil claims—brought by another entity. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal

prosecution."). Moreover, the decision whether or not to prosecute rests entirely within the discretion of the federal or state prosecutor, not with a municipal corporation like WVRJA. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also Parker v. Portsmouth City Police Dep't*, No. 3:23CV600, 2024 WL 2749835, at *3 (E.D. Va. May 29, 2024), *aff'd*, No. 24-6585, 2024 WL 4274492 (4th Cir. Sept. 24, 2024) ("[T]he authority to initiate criminal complaints rests exclusively with state and federal prosecutors.") (citations and internal quotation marks omitted). Accordingly, the nonpursuit of civil or criminal action against the perpetrators cannot support a § 1983 claim.

Finally, Plaintiff has not alleged a plausible claim against WVRJA based on its failure to refund him for the stolen commissary goods. Although the Fourteenth Amendment guarantees that no state shall deprive a person of life, liberty, or property without due process of law, *see* U.S. Const. amend. XIV, Plaintiff has not alleged that WVRJA was itself responsible for the loss of Plaintiff's property and offers no constitutional or statutory authority for the proposition that WVRJA was required to reimburse him for the stolen items. Further, nothing in Plaintiff's complaint suggests that the decision not to refund was made pursuant to a WVRJA policy or custom rather than by an individual jail employee. Thus, even if Plaintiff were entitled to be refunded for the cost of the stolen goods, Plaintiff has not shown that WVRJA is liable for the failure to refund. Plaintiff is therefore left with no viable claim against WVRJA.

## IV.

For the reasons set forth above, the court will grant Defendant WVRJA's motion to dismiss and dismiss Plaintiff's claims in their entirety.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 2nd day of February, 2026.

>   */s/ Thomas T. Cullen*
>   HON. THOMAS T. CULLEN
>   UNITED STATES DISTRICT JUDGE